UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-cv-62339-ALTMAN/Hunt

**LIONEL JEAN CHARLES**,

    *Plaintiff*,

v.

**STATE OF FLORIDA**,

    *Defendant*.

_____/

## ORDER

Our Petitioner, Lionel Jean Charles, filed his Amended Petition for a Writ of Habeas Corpus (the "Petition") [ECF No. 8] under 28 U.S.C. § 2254. On January 31, 2024, U.S. Magistrate Judge Patrick M. Hunt entered a Report and Recommendation (the "Report") [ECF No. 15], in which he recommended that we deny the Petition. *See id.* at 22. In that Report, Magistrate Judge Hunt warned the Petitioner as follows:

> Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district. The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation.

*Ibid.* (cleaned up).

The Petitioner filed his Objections on February 1, 2024, saying only that he "objects to the conclusions set forth by the Honorable Magistrate in his report and recommendations dated January 31, 2024[.]" Objections to the Report [ECF No. 16] at 1.

"Parties filing objections to a magistrate's report and recommendation must *specifically identify* those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988) (emphasis added). Where, as

here, the plaintiff "fails to explain the basis for his disagreement, and he identifies no legal or factual error in . . . the Report[,] [h]is objections simply are not sufficient to justify *de novo* review." *Johnson v. Curry*, 2023 WL 3613818, at *2 (M.D. Fla. May 24, 2023) (Howard, J.) (first citing *McCullars v. Comm'r*, 825 F. App'x 685, 694 (11th Cir. 2020); then citing *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006); and then citing *Lockert v. Faulkner*, 843 F.2d 1015, 1019 (7th Cir. 1988)).

When no party has timely (or sufficiently) objected, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72 advisory committee's notes (citation omitted). Although Rule 72 itself is silent on the standard of review, the Supreme Court has acknowledged that Congress's intent was to require *de novo* review only where objections have been properly filed—and not, as here, when no party objects. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). In any event, the "[f]ailure to object to the magistrate [judge]'s factual findings after notice precludes a later attack on these findings." *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988) (citing *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. 1982)).

Having reviewed the Report, the record, and the applicable law, we find no clear error on the face of the Report. Accordingly, we hereby **ORDER AND ADJUDGE** as follows:

1. The Report [ECF No. 15] is **ACCEPTED and ADOPTED** in full.
2. The Plaintiff's Petition [ECF No. 8] is **DENIED**.
3. The Clerk of Court is **DIRECTED** to **CLOSE** this case. All pending deadlines are **TERMINATED**, and any pending motions are **DENIED** as moot.

**DONE AND ORDERED** in the Southern District of Florida on February 20, 2024.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:     counsel of record